UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:10-cr-00193-JMS-DML-1 |
| | ) | |
| MELISSA SALINA SANDOVAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Jane Magnus-Stinson on April 23, 2013, designating this Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on April 15, 2013 (the Petition), and to submit proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e).  Proceedings took place on April 25, 2013 and October 9, 2013 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]  Defendant Melissa Salina Sandoval appeared in person with her appointed counsel, William Dazey, and the government appeared by MaryAnn Mindrum, Assistant United States Attorney.  U. S. Parole and Probation appeared by Tim Hardy, U.S. Parole and Probation Officer, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* Title 18 U.S.C.   ' 3401(e).

### A.  The April 25, 2013 Hearing

On April 25, 2013, the Court held an initial hearing and conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. ' 3583:

1. William Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Ms. Sandoval in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Ms. Sandoval and her counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Ms. Sandoval was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. Ms. Sandoval was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Ms. Sandoval was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Ms. Sandoval had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7.	Mr. Dazey stated that Ms. Sandoval would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. Sandoval executed a written waiver of the preliminary hearing, which was accepted by the Court.

8.	Mr. Dazey orally moved to continue the revocation hearing and the Court granted the motion. The Court set the revocation hearing for July 1, 2013.

On July 1, 2013 and July 16, 2013, the defendant moved to continue the revocation hearing and the Court granted the same. The revocation hearing was set for October 9, 2013.

### B. The October 9, 2013 Hearing

On October 9, 2013, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. ' 3583:

1.	Ms. Sandoval, by counsel, stipulated that she committed the specified violations set forth in the Petition, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | *"The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."* |
| 3 | *"The defendant shall not illegally possess a controlled substance."* |
| 4 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
|  | On March 29, 2013, during an office visit, Melissa Salina Sandoval tested positive for cocaine. Ms. Sandoval denied use and signed a Drug Test Declaration Form contesting the drug result. On April 11, 2013, the urine specimen was confirmed positive for cocaine by a secondary laboratory. |

The Court placed Ms. Sandoval under oath and directly inquired of Ms. Sandoval whether she admitted violations of the specifications of her supervised release set forth above. Ms. Sandoval stated that she admitted the above violations as set forth above.

The government moved to dismiss Violation Number 1 contained in the Petition, and the Court dismissed the same.

Counsel for the parties further stipulated that appropriate disposition would be a modification of defendant's supervised release as follows:

> The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance testing and or treatment.
>
> The remaining terms and conditions of defendant's supervised release shall continue as previously imposed by the Court.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the Defendant, Melissa Salina Sandoval, violated the specified conditions of supervised release as delineated above and in the Petition. The Defendant=s supervised release is therefore **MODIFIED** as set forth in the stipulations above.

The Magistrate Judge requests that Tim Hardy, U. S. Parole and Probation Officer, prepare for submission to the Honorable Jane Magnus-Stinson, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.   At the conclusion of the October 9, 2013 hearing, the parties waived the right to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying MELISSA SALINA SANDOVAL's Supervised Release.

**IT IS SO RECOMMENDED** this 24th day of October, 2013.

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel via electronic notification.